CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:02-cr-70110-1 |
| v. | MEMORANDUM OPINION |
| MARK KEVIN MAYES,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Mark Kevin Mayes, a federal inmate proceeding pro se, filed a letter questioning the validity of his criminal judgment on account of a purported changes in case law. Consequently, I construe the letter as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Records indicate that the court already dismissed a § 2255 motion about the same criminal judgment in Mayes v. United States, No. 7:07-cv-00132, slip op. (W.D. Va. Dec. 6, 2007), appeal dismissed, No. 08-6011 (4th Cir. June 4, 2008). Thus, the construed § 2255 motion is a second or subsequent motion under 28 U.S.C. § 2255(h). See Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014) (en banc) (noting changes in case law do not constitute new facts); cf. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (discussing the relevance of new facts). I may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained that certification, I dismiss the construed § 2255 motion without prejudice as successive. Based upon my finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 19th day of September, 2017.

/s/ Jackson L. Kiser
Senior United States District Judge